UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MOHAMMED ELLAHI, <br> KIRAN PERVEZ, <br> AYESHA SIDDIQUE, and <br> AYESHA SIDDIQUE, PPA, <br> WALI KHAN | : CIVIL ACTION NO.: <br> : <br> : |
| VS. | : |
| PATRICIA FARMER, M.I.B. <br> ENTERPRISES, INC., and <br> GEICO GENERAL INSURANCE COMPANY | : <br> : FEBRUARY 7, 2017 |

## COMPLAINT

**COUNT ONE:** (Negligence as to PATRICIA FARMER and M.I.B. ENTERPRISES, INC.)

1. Plaintiffs Mohammed Ellahi and Kiran Pervez are citizens of the State of New York.

2. Plaintiff Wali Khan is a minor residing with his mother, plaintiff Ayesha Siddique, and both are citizens of the Islamic Republic of Pakistan.

3. Defendant PATRICIA FARMER is a citizen of the State of Connecticut.

4. Defendant M.I.B. ENTERPRISES, INC / dba Action Auto Rental is a Connecticut corporation with a principal place of business in Weston, Connecticut.

5. Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO") is a wholly owned subsidiary of Berkshire Hathaway, Inc. with a domiciliary and principal place of business address of 5260 Western Avenue, Chevy Chase, Maryland 20815-3799.

6. The amount in controversy, exclusive of interest and costs, exceeds $75,000, the sum specified by 28 U.S.C. § 1332, and there is diversity of citizenship.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

8. On August 7, 2016, the plaintiff, Mohammed Ellahi, was the operator, and plaintiffs Kiran Pervez, Wali Khan, and Ayesha Siddique, were passengers in their personal vehicle, headed eastbound on West Street in Danbury, Connecticut. Then and there, the defendant, PATRICIA FARMER drove a rented vehicle owned by the defendant, M.I.B. ENTERPRISES, INC, d/b/a Action Auto Rental, across the center line and into the plaintiffs' lane of travel, violently striking the plaintiffs' vehicle, causing the plaintiffs to suffer severe injuries.

9. The crash and resultant injuries to plaintiffs were directly and proximately caused by the negligence of PATRICIA FARMER in that she operated her vehicle in a negligent and careless manner.

10. As a result of the negligence of the defendants, and/or their agents, servants, apparent agents, contractors and or employees, the plaintiffs sustained permanent injuries.

11. As a further direct and proximate result of the negligence of the defendants and/or their agents, servants, apparent agents, contractors and or employees, the plaintiffs were each required to spend various sums of money for medical care, treatment, prescription medications, and devices necessitated by their injuries and will be obliged to spend further additional sums in the future for like services, all to their loss and damage.

12. As a further direct and proximate result of the negligence of the defendants, and/or their agents, servants, apparent agents, contractors and or employees, the plaintiffs, with the exception of the minor plaintiff, lost time from their employment and sustained lost wages and a diminution of earning capacity.

**COUNT TWO:** **(Common Law and Statutory Recklessness as to PATRICIA FARMER)**

1. - 8  Paragraphs 1 through 8 of Count One are hereby realleged and made paragraphs 1 through 8 of Count Two as if fully set forth herein.

9. The crash and resultant injuries to the plaintiffs were the direct result of PATRICIA FARMER's reckless operation and disregard of the rights and safety of others using public roadways in that she did one or more of the following:

   a. operated a motor vehicle at an unreasonable speed in violation of Conn. Gen. Stat. § 14-218a;

   b. operated a motor vehicle upon a public roadway recklessly in violation of Conn. Gen. Stat. § 14-222, at an excessive rate of speed, when she knew, or should have known, that such action was highly dangerous and likely to cause an accident;

   c. operated a motor vehicle in violation of Conn. Gen. Stat. § 14-227a; and,

   d. operated her vehicle with common law reckless disregard for the rights of the plaintiffs and others situated on the highway by proceeding at a highly excessive rate of speed, outside her lane of travel, and under the influence of intoxicants.

10. The illegal and reckless operation by the defendant PATRICIA FARMER was a violation of the common law and Conn. Gen. Stat. § 14-295 and a direct and substantial factor in causing the plaintiffs to suffer severe injuries.

11. As a further result, the plaintiffs incurred and will continue to incur medical expenses for treatments and therapies.

12. As a still further result, the plaintiffs have suffered diminution of the ability to enjoy life's activities, earnings impairment, and have suffered loss of function, pain and disability.

13. The defendant, PATRICIA FARMER, is liable to the plaintiffs for money damages, including common law punitive and statutory double or treble damages pursuant to Conn. Gen. Stat. § 14-295.

**COUNT THREE: (Negligence as to M.I.B. ENTERPRISES, INC, d/b/a Action Auto Rental)**

1. - 8  Paragraphs 1 through 8 of Count One are hereby realleged and made paragraphs 1 through 8 of Count Three as if fully set forth herein.

9. The crash and resultant injuries to plaintiffs were directly and proximately caused by the negligence of M.I.B. ENTERPRISES, INC, d/b/a Action Auto Rental and its' agents, servants, apparent agents and/or employees, in that it negligently rented the vehicle to the lessee.

10. As a result of the negligence of the defendants, and/or their agents, servants, apparent agents, contractors and or employees, the plaintiffs sustained permanent injuries.

11. As a further direct and proximate result of the negligence of the defendants and/or their agents, servants, apparent agents, contractors and or employees, the plaintiffs were each required to spend various sums of money for medical care, treatment, prescription medications, and devices necessitated by their injuries and will be obliged to spend further additional sums in the future for like services, all to their loss and damage.

12. As a further direct and proximate result of the negligence of the defendants, and/or their agents, servants, apparent agents, contractors and or employees, the plaintiffs, with the exception of the minor plaintiff, lost time from their employment and sustained lost wages and a diminution of earning capacity.

**COUNT FOUR: (Underinsured/Uninsured Motorist Claim as to GEICO GENERAL INSURANCE COMPANY, INC.)**

1. - 8 Paragraphs 1 through 8 of Count One are hereby realleged and made paragraphs 1 through 8 of Count Four as if fully set forth herein.

9. The defendant GEICO is duly licensed to transact insurance business in the State of Connecticut and operates within the State of Connecticut.

10. In consideration of a premium paid by the plaintiffs Mohammed Ellahi and Kiran Pervez, the defendant GEICO issued to the plaintiffs Mohammed Ellahi and Kiran Pervez a policy of insurance, Policy Number: 4241-79-43-55, with uninsured/underinsured coverage. Pursuant to the terms of this policy, the defendant GEICO agreed to pay compensatory damages which the covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury sustained by a covered person and caused by an auto accident.

11. The vehicle operated by defendant PATRICIA FARMER and owned by defendant M.I.B. ENTERPRISES, INC, d/b/a Action Auto Rental was an underinsured vehicle under the terms of the policy.

12. On the date of this incident, while the defendant's policy was in full force and effect, the plaintiffs, insured persons and covered persons under the policy, sustained bodily injuries of a serious and painful nature, which resulted in permanent

disabilities when the plaintiffs' vehicle was struck by the motor vehicle operated by defendant PATRICIA FARMER and owned by defendant M.I.B. ENTERPRISES, INC, d/b/a Action Auto Rental respectively as described herein.

13. The plaintiffs believe liability insurance coverage for defendant PATRICIA FARMER has been or may be declined and as a consequence is not sufficient to compensate the plaintiffs for their losses.

14. The plaintiffs are legally entitled to recover damages from the defendant, GEICO in accordance with General Statutes§ 38a-336 and the provisions of the policy of insurance.

## JURY TRIAL DEMAND

The plaintiffs demand trial by jury on all claims.

THE PLAINTIFFS,

By: _____
JOEL T. FAXON, ESQ. (CT16255)
FAXON LAW GROUP, LLC
59 Elm Street
New Haven, CT 06510
T: 203.624.9500
F: 203.624.9100
THEIR ATTORNEY
jfaxon@faxonlawgroup.com